**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DOMINIQUE LEZINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| CITY OF NORTH CHICAGO, | ) | |
| OFFICER MATTHEW DECOWSKI, | ) | |
| in his individual and official capacity, | ) | |
| OFFICER RYAN A. BROWN, | ) | |
| in his individual and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the plaintiff, DOMINIQUE LEZINE, by and through his attorneys, O'CONNOR LAW FIRM, LTD., and for his complaint at law against the defendants, CITY OF NORTH CHICAGO, OFFICER MATTHEW DECOWSKI, and OFFICER RYAN A. BROWN, states as follows:

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the defendants' tortious conduct and their deprivation of plaintiff's rights secured by the U.S. Constitution.
2. This Court has jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. § 1331.
3. Venue is proper under 28 U.S.C. §1391(b). Plaintiff resides in this judicial district, the defendants reside in this judicial district, and the events and omissions giving rise to plaintiff's claims occurred within this judicial district.

## PARTIES

4. Plaintiff, DOMINIQUE LEZINE, is a resident of the city of North Chicago, county of Lake, and state of Illinois.
5. Defendant, CITY OF NORTH CHICAGO, is an Illinois municipal corporation that is or was the employer of the individual police officers named as defendants herein. At all relevant times, the aforementioned officers acted as the agent of CITY OF NORTH CHICAGO. Furthermore, defendant, CITY OF NORTH CHICAGO, is a necessary party and is ultimately responsible for judgment.
6. At all relevant times, Defendant, OFFICER MATTHEW DECOWSKI (hereinafter "OFFICER DECOWSKI"), was an employee and/or duly authorized agent of the CITY OF NORTH CHICAGO and was acting in the course and scope of his employment.
7. At all relevant times, defendant, OFFICER RYAN A. BROWN (hereinafter "OFFICER BROWN"), was an employee and/or duly authorized agent of the CITY OF NORTH CHICAGO and was acting in the course and scope of his employment.
8. At all relevant times, OFFICER DECOWSKI, was acting under the color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF NORTH CHICAGO. OFFICER DECOWSKI is being sued in his individual and official capacity.
9. At all relevant times, OFFICER BROWN, was acting under the color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF NORTH CHICAGO. OFFICER BROWN is being sued in his individual and official capacity.

## GENERAL ALLEGATIONS

10. On or about June 3, 2019, 20th Street was a public roadway running in a general easterly-westerly direction at or near its intersection with Prospect Avenue in the city of North Chicago, county of Lake, and state of Illinois.

11. On or about June 3, 2019, Prospect Avenue was a public roadway running in a general northerly-southerly direction at or near its intersection with 20th Street in the city of North Chicago, county of Lake, and state of Illinois.
12. On or about June 3, 2019, the plaintiff, DOMINIQUE LEZINE, was walking southbound on Prospect Avenue at or near its intersection with 20th Street in the city of North Chicago, county of Lake, and state of Illinois.
13. On or about June 3, 2019, and at all times relevant, defendant, OFFICER BROWN, was the actual and/or apparent agent, employee, and/or servant of the defendant, CITY OF NORTH CHICAGO, and was operating a motor vehicle on Prospect Avenue at or near its intersection with 20th Street in the city of North Chicago, county of Lake, and state of Illinois.
14. At the aforementioned time and place, defendant, OFFICER BROWN, exited the motor vehicle and stated he needed to "talk to" the plaintiff, DOMINIQUE LEZINE. However, he did not state the purpose for which he wanted to talk to him.
15. At the aforementioned time and place, plaintiff, DOMINIQUE LEZINE, fled southbound as OFFICER BROWN approached him.
16. At the aforementioned time and place, defendant, OFFICER BROWN, chased DOMINIQUE LEZINE southbound on Prospect Avenue. Plaintiff ceased running and sat on a bench located at or near the address of 2108 Prospect Avenue.
17. At the aforementioned time and place, plaintiff, DOMINIQUE LEZINE, was not combative or a danger to defendant, OFFICER BROWN.
18. At the aforementioned time and place, defendant, OFFICER BROWN, performed a take down on the plaintiff, DOMINIQUE LEZINE.

19. After OFFICER BROWN performed a take down on the plaintiff, defendant, OFFICER DECOWSKI, and Officer Zamora subsequently arrived at the scene.

20. At the aforementioned time and place, OFFICER DECOWSKI struck the plaintiff, DOMINIQUE LEZINE, with a closed fist to his upper torso.

21. After striking the defendant with a closed fist, defendant, OFFICER DECOWSKI, withdrew his taser, and administered three stun cycles to DOMINIQUE LEZINE's torso.

22. After administering three stun cycles to DOMINIQUE LEZINE's torso, defendant, OFFICER DECOWSKI, administered two stun cycles to DOMINIQUE LEZINE's upper back.

**COUNT I**
**42 U.S.C. § 1983 – Excessive Force v. OFFICER DECOWSKI**

23. Plaintiff, DOMINIQUE LEZINE, adopts and re-alleges paragraphs 1 through 22 of this complaint, as and for paragraph 23 of this Count I as though fully stated herein.

24. On or about June 3, 2019, defendant, OFFICER DECOWSKI's actions, while acting under the color of law, amounted to unnecessary and excessive force to the person of the plaintiff, DOMINIQUE LEZINE, when there were no reasonable grounds to do so.

25. On or about June 3, 2019, none of the plaintiff, DOMINIQUE LEZINE's actions justified this use of unnecessary and excessive force by defendant, OFFICER DECOWSKI.

26. Defendant, OFFICER DECOWSKI's actions were malicious, willful, and wanton, and constituted a reckless and deliberate indifference to plaintiff, DOMINIQUE LEZINE's constitutionally protected rights, while acting under the color of law.

27. As a direct and proximate result of the aforementioned actions and/or omission of defendant, OFFICER DECOWSKI, the plaintiff, DOMINIQUE LEZINE, was deprived of the rights, privileges, and immunities guaranteed by the Fourth Amendment and/or

Fourteenth Amendment to the United States Constitution, namely he was subjected to an unreasonable use of force.

28. In addition, as a direct and proximate result of the aforementioned actions and/or omission of defendant, OFFICER DECOWSKI, the plaintiff, DOMINIQUE LEZINE, suffered, was injured, and was thereby internally, externally, and otherwise, and Plaintiff thereby became sick or injured. Plaintiff suffered or will suffer great pain; and Plaintiff was or will be thereby compelled to pay out, expend, and/or become liable for large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE, plaintiff, DOMINIQUE LEZINE, demands compensatory damages from the defendants, CITY OF NORTH CHICAGO, and OFFICER DECOWSKI. Plaintiff, DOMINQUE LEZINE, demands judgment against both defendants jointly and severally and further demands punitive damages, costs, and attorney fees against the defendant, OFFICER DECOWSKI, and any additional relief this Court deems equitable and just.

**COUNT II**
**42 U.S.C. § 1983 – Excessive Force v. OFFICER BROWN**

29. Plaintiff, DOMINIQUE LEZINE, adopts and re-alleges paragraphs 1 through 22 of this complaint, as and for paragraph 29 of this Count II as though fully stated herein.

30. On or about June 3, 2019, defendant, OFFICER BROWN's actions, while acting under the color of law, amounted to unnecessary and excessive force to the person of the plaintiff, DOMINIQUE LEZINE, when there were no reasonable grounds to do so.

31. On or about June 3, 2019, none of the plaintiff, DOMINIQUE LEZINE's actions justified this use of unnecessary and excessive force by defendant, OFFICER BROWN.

32. Defendant, OFFICER BROWN's action were malicious, willful, and wanton, and constituted a reckless and deliberate indifference to plaintiff, DOMINIQUE LEZINE's constitutionally protected rights, while acting under the color of law.

33. As a direct and proximate result of the aforementioned actions and/or omission of defendant, OFFICER BROWN, the plaintiff, DOMINIQUE LEZINE, was deprived of the rights, privileges, and immunities granted by the Fourth Amendment and/or Fourteenth Amendment to the United States Constitution, namely he was subjected to an unreasonable use of force.

34. In addition, as a direct and proximate result of the aforementioned actions and/or omission of defendant, OFFICER BROWN, the plaintiff, DOMINIQUE LEZINE, suffered, was injured, and thereby injured internally, externally, and otherwise, and Plaintiff thereby became sick or injured. Plaintiff suffered or will suffer great pain; and Plaintiff was or will thereby be compelled to pay out, expend, and/or become liable for large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE, plaintiff, DOMINIQUE LEZINE, demands compensatory damages from the defendants, CITY OF NORTH CHICAGO, and OFFICER BROWN. Plaintiff, DOMINQUE LEZINE, demands judgment against both defendants jointly and severally and further demands punitive damages, costs, and attorney fees against the defendant, OFFICER BROWN, and any additional relief this Court deems equitable and just.

**<u>COUNT III</u>**
**Monell Claim – Violation of 42 U.S.C. § 1983 v. CITY OF NORTH CHICAGO**

35. Plaintiff, DOMINIQUE LEZINE, adopts and re-alleges paragraphs 1 through 25 of this complaint, as and for paragraph 38 of this Count III as though fully stated herein.

36. Defendant, CITY OF NORTH CHICAGO's policymakers, Mayor Leon Rockingham, Jr. and Chief of Police Lazaro Perez, acceptance of the pattern and practice among its police officers using excessive force and unconstitutional police tactics created a practice, although not written or express municipal policy, so widespread, permanent, and settled it constituted a custom or usage within the North Chicago Police Department.
37. As final policy makers, Mayor Leon Rockingham, Jr. and Chief of Police Lazaro Perez, by creating this custom or usage of excessive force during the arrest and/or detention of accused individuals amounted to a policy decision.
38. The policy decision of defendant, CITY OF NORTH CHICAGO's policymakers, Mayor Leon Rockingham, Jr. and Chief of Police Lazaro Perez, caused the violation of plaintiff, DOMINIQUE LEZINE's civil rights.

WHEREFORE, the plaintiff, DOMINIQUE LEZINE, prays for judgment against the defendant, CITY OF NORTH CHICAGO, for compensatory damages, costs, attorney's fees, and any other relief the Court deems equitable and just.

**COUNT IV**
**745 ILCS 10/9-102 – Indemnification Claim v. CITY OF NORTH CHICAGO**

39. Plaintiff, DOMINIQUE LEZINE, adopts and re-alleges paragraphs 1 through 25 of this complaint, as and for paragraph 42 of this Count IV as though fully stated herein.
40. In the event that any individual defendant is found liable for their actions performed in the course of their employment, the CITY OF NORTH CHICAGO, must indemnify such employee for this verdict pursuant to 745 ILCS 10/2-302.

WHEREFOR, Plaintiff, individually demands that the CITY OF NORTH CHICAGO pay for any compensatory judgment against individual defendants who acted in the course of their employment.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

O'CONNOR LAW FIRM, LTD.

/s/Matthew M. Popp
Matthew M. Popp

**O'CONNOR LAW FIRM, LTD.**
19 South LaSalle Street, Suite 1400
Chicago, Illinois 60603
Phone: (312) 906-7609
Fax: (312) 263-1913
ARDC No.: 6321315
mpopp@koconnorlaw.com
firm@koconnorlaw.com